**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOHN LEE BEAUDION II** | **§** | |
| | **§** | |
| **v.** | **§** | |
| | **§** | **CIVIL ACTION NO: ______________** |
| **CITY OF CORPUS CHRISTI, TEXAS;** | **§** | **JURY TRIAL** |
| **JOE RIOJAS, *Individually and in his*** | **§** | |
| ***Official Capacity*; CHARLA HEMERLY,** | **§** | |
| ***Individually and in his Official Capacity*; and** | **§** | |
| **KIRBY EVANS, *Individually and in his*** | **§** | |
| ***Official Capacity*** | **§** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Plaintiff, John Lee Beaudion II, filing this, his *Plaintiff's Original Complaint*, bringing this action against the City of Corpus Christi, Texas, Joe Riojas, *Individually and in his Official Capacity*, Charla Hemerly, *Individually and in his Official Capacity* and Kirby Evans, *Individually and in his Official Capacity*, as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b).

**PARTIES**

2. Plaintiff John Lee Beaudion II (hereinafter "Mr. Beaudion") is a resident of Corpus Christi, Nueces County, Texas.

3. Defendant City of Corpus Christi, Texas, (hereinafter "Defendant City of Corpus Christi"), is a political subdivision of the State of Texas and can be served with summons upon City of Corpus Christi, Texas, Mayor Lloyd Neal, 1201 Leopard Street, Corpus Christi, Texas 78401 or P.O. Box 9277, Corpus Christi, Texas 78469.

4. Defendant Joe Riojas was, at all times material to this suit, an officer employed by the Corpus Christi Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Corpus Christi Police Department. Defendant has previously been served and filed an answer with the Court.

5. Defendant Charla Hemerly was, at all times material to this suit, an officer employed by the Corpus Christi Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Corpus Christi Police Department. Defendant has previously been served and filed an answer with the Court.

6. Defendant Kirby Evans was, at all times material to this suit, an officer employed by the Corpus Christi Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Corpus Christi Police Department. Defendant has previously been served and filed an answer with the Court.

## FACTS

7. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

8. On or about June 28, 2005, Mr. Beaudion was at Hot Shots Billiards at 4951 Ayers in Corpus Christi, Texas. While at this establishment, Mr. Beaudion found himself in an argument with his then girlfriend, Rebecca Narando. Said argument involved no physical contact between the two and was nothing more than a verbal altercation. Apparently, and without Mr. Beaudion's knowledge, at some point during this argument, management of the Hot Shots Billiards contacted the Corpus Christi Police Department and informed them that Mr. Beaudion and his girlfriend were causing a disturbance. After the argument with his girlfriend, Mr. Beaudion and his girlfriend each got into their separate vehicles and departed the pool hall. As Mr. Beaudion exited the parking lot, he noticed a Corpus Christi Police cruiser behind him.

9. After noticing the police cruiser behind him, Mr. Beaudion proceeded very cautiously because he was currently on probation and he had not recently reported to his probation officer as required. Additionally, Mr. Beaudion had recently had run-ins with officers of the Corpus Christi Police Department and he feared that he would be subjected to physical violence by these officers who callously acted as if they were above the law. By way of example, Mr. Beaudion was stopped while walking to his car by an officer and was thrown to the ground with great force and his vehicle

was illegally searched. Additionally, on the same day of the aforementioned occurrence, Mr. Beaudion was pulled over by an officer and was falsely arrested for possession of a controlled substance, which upon further investigation turned out to be nothing more than a piece of dirt. Consequently, Mr. Beaudion was not charged with any crime. However, these actions by officers of the Corpus Christi Police Department served as notice to Mr. Beaudion that they were out to get him and just looking for a reason to arrest him. Based on these prior events, Mr. Beaudion feared for his personal safety.

10. As the police cruiser continued to follow Mr. Beaudion it activated its overhead lights. At this point, due to his fear of the Corpus Christi Police Department and the harassment they had subjected him to, Mr. Beaudion refused to pull his car over on the side of the road where no one would be around to witness the events. With this in mind, Mr. Beaudion made his way over to the apartment complex where his girlfriend lived on Sacky street. As he pulled his car over in front of the apartment, he accidently ran into a parked vehicle. However, the impact was minimal and there was only minor damage noticeable to either vehicle, and Mr. Beaudion was not physically injured in any way due to the collision. Based on the fact that there were now numerous police cruisers following Mr. Beaudion, he became extremely fearful that the officers were going to physically hurt him. Mr. Beaudion exited the vehicle with extreme caution and immediately dropped to his knees as instructed and laid face down on the pavement just in front of the driveway leading to his girlfriend's apartment.

11. Suddenly, and without warning, one of the Defendant officers jumped on Mr. Beaudion's back and began to savagely unleash blow after blow to Mr. Beaudion's head with an asp. The other two Defendant officers began to launch kick after kick to Mr. Beaudion's back and ribs. Defendant

Officers treated Mr. Beaudion as if he were a soccer ball in a World Cup match. The blows to Mr. Beaudion's body were so severe that they caused him to lose consciousness. During the entire incident, Mr. Beaudion offered no resistance and completely submitted to the Defendant Officers' unwarranted and excessive use of force.

12. When Mr. Beaudion regained consciousness he found himself face down in a pool of blood and water. To his amazement, his hands were not in handcuffs. Evidently, after the beating had ceased, Defendant officers retrieved a nearby hose and attempted to rinse all the blood off of Mr. Beaudion's body. This was done by the Defendant officers in an attempt to conceal the savage beating they had just perpetrated upon Mr. Beaudion's defenseless and unconscious body.

13. As a result of Defendant officers' actions, Mr. Beaudion sustained numerous injuries to his body, including, but not limited to, bruising and abrasions about his body, severe lacerations to his head (requiring stitches and staples), and bruised ribs.

14. Mr. Beaudion is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

15. Moreover, the officers' acts amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person seized and in the position of Mr. Beaudion, who was in custody and/or control of law enforcement.

16. At all pertinent times, Defendant City of Corpus Christi (by and though the Corpus Christi

Police Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers.

## FIRST CLAIM FOR RELIEF - - §1983

17. The allegations contained in Paragraphs 7 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

18. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

19. The state action requirement for standing under 42 U.S.C. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Mr. Beaudion is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

20. 42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Mr. Beaudion alleges that Defendant, jointly and/or severally deprived him of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.

Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

a) by using excessive force in the course of Defendants' custody of Mr.Beaudion, in violation of the Fourth Amendment and its "reasonableness" standard. Mr. Beaudion therefore pleads that he was unlawfully beaten. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; and

b) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Mr. Beaudion.

21. **<u>§ 1983 - Excessive Force</u>**. Mr. Beaudion pleads that Defendants used excessive force and/or deadly force in the course of the officers' supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Mr. Beaudion, in violation of the Fourth Amendment and its "reasonableness" standard. Mr. Beaudion therefore pleads that he was unlawfully assaulted and physically beaten by Defendants. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

22. Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions. For these reasons, it is objectively unreasonable for said officers to beat Mr. Beaudion who was otherwise in custody and restrained.

23. **<u>§ 1983 - Municipal liability.</u>** It is also well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, the City of Corpus Christi is liable

because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures, excessive force and/or violating their rights to be free of unwanton search and seizure. Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by the City of Corpus Christi out of which deprived Mr. Beaudion of his civil rights by statute and by both the Texas and United States Constitutions. Liability for the City of Corpus Christi is established under §1983 because the assault, beating, and choking of citizens, with little or no justification, is a persistent, widespread practice of city employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. The City of Corpus Christi has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers beating citizens establishes custom and accession to that custom by the City's policy makers. The City of Corpus Christi's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, the City of Corpus Christi is liable under §1983 for failure to adopt a policy precluding officers from beating citizens because such failure to adopt such a policy is one of intentional choice.

24. Moreover, the City of Corpus Christi is liable for inadequate training of police officers under §1983. Liability attaches to the City of Corpus Christi because the City's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Mr. Beaudion alleges that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach new police persons that beating citizens violates citizens' constitutional rights. As such, the deficiency in training

actually caused Defendants to violate Mr. Beaudion constitutional rights.

25. **§ 1983 - Qualified Good Faith Immunity**. Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective. Defendants' actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law." The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiff. To the extent that credibility questions exist, a fact-finder continues to be necessary. In the instant case, Plaintiff alleges that Defendants are not entitled to claim "qualified good faith immunity." Importantly, Defendants never had a good faith belief in their conduct because they acted in a manner demonstrating that they were plainly incompetent and knowingly violated Plaintiff's civil rights. When the facts are taken in the light most favorable to the Plaintiff, it is clear that Plaintiff was merely sleeping when he was assaulted. Any reason given by Defendants for their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because they were never in danger nor were any other persons in the vicinity in danger of Mr. Beaudion. Plaintiff has asserted a violation of his constitutional right to be free from unreasonable search and seizure and his right to privacy; this right was clearly established at the time of Defendants' actions. Moreover, Defendant's actions were objectively unreasonable in the sense that they knew or reasonably should have known that the actions taken within their authority or responsibility would violate the constitutional rights of Mr. Beaudion.

**SECOND CLAIM FOR RELIEF**
**Texas - - Intentional Infliction of Emotional Duress**

26. The allegations set forth in Paragraphs 7 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

27. As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Mr. Beaudion, thereby he claims the tort of intentional infliction of emotional distress. Mr. Beaudion alleges that the individual Defendants, acted intentionally and/or recklessly when beating him and further alleges that such conduct was extreme and outrageous. The actions of the individual Defendants caused Mr. Beaudion to suffer emotional distress; and the emotional distress suffered by him was so severe that it required treatment -- no reasonable person should be expected to endure such.

**THIRD CLAIM FOR RELIEF**
**Texas - - Assault & Battery**

28. The allegations set forth in Paragraphs 7 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

29. As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly caused severe personal injury to Mr. Beaudion through uncontested physical contact with Mr. Beaudion.

30. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Mr. Beaudion alleges that the individual Defendants committed an assault upon him when he intentionally, knowingly, and/or recklessly forcibly grabbed Mr. Beaudion and proceeded

to beat and bloody his face to a pulp. At no time did Mr. Beaudion consent. Said assaultive conduct of the individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Mr. Beaudion. Said injuries were the direct and immediate consequence of the individual Defendants' wrongful act and a natural and direct result of the assault.

31. At no time were Defendants privileged to take the action as force was not necessary. Moreover, the individual Defendants' assault and battery of Mr. Beaudion was not objectively reasonable when balancing the amount of force used against the need for the force. Put differently, at no time was Mr. Beaudion fleeing or about to flee, nor was anyone (including Defendants) ever in danger.

## DAMAGES

32. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Mr. Beaudion has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

33. Said injuries have caused Mr. Beaudion to incur special damages which include but are not limited to past medical expenses.

34. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Mr. Beaudion further prays for all costs and attorney fees associated with bringing the present case to trial.

35. In addition, Mr. Beaudion prays for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Mr. Beaudion alleges and prays for punitive damages against all individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Mr. Beaudion prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Mr. Beaudion also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Mr. Beaudion recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Mr. Beaudion prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Mr. Beaudion recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

*Law Offices of*
GALE, WILSON, & SANCHEZ, PLLC
115 E. Travis, Suite 618
San Antonio, Texas 78205
Telephone: (210)222-8899

Telecopier: (210)222-9526

By: /s/ Christopher J. Gale
Christopher J. Gale
Texas Bar No. 00793766
Southern District Bar No. 27257
*Attorney-in-Charge for Plaintiff*

**Demand for Jury Trial**

Plaintiff, John Lee Beaudion II, hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).